UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ODESSA BROWN, II,<br><br>Plaintiff,<br><br>v.<br><br>E. ARNOLD, et al.,<br><br>Defendants. | No. 2:19-cv-00697-CKD P<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis. Since plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## I. Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## II. Allegations in the Complaint

Plaintiff's original complaint was filed on April 25, 2019. ECF No. 1. However, before the court could screen this complaint, plaintiff filed a motion to amend along with a proposed first

amended complaint. ECF Nos. 10-11. The court will grant plaintiff's motion to amend and proceed to screen the first amended complaint in accordance with 28 U.S.C. § 1915A. See also Fed. R. Civ. P. 15(a)(1) (amendments of pleadings).

Plaintiff alleges that, while an inmate at California State Prison in Solano ("CSP-Solano"), his right to due process was violated during an administrative disciplinary hearing at which he lost 150 days of good time credit. ECF No. 11 at 5, 15-16. Plaintiff also alleges that his First Amendment right of access to the courts has been denied because his administrative grievances concerning this disciplinary conviction were improperly screened out. ECF No. 11 at 10-15. He names the warden of CSP-Solano as well as an appeals coordinator at the prison as defendants in this action. As a remedy for these asserted violations, plaintiff requests that his disciplinary appeal be reinstated and that the disciplinary conviction itself be removed from his record along with the loss of his good time credits.

### III. Legal Standards

When a state prisoner challenges the legality of his custody and the relief he seeks is the determination of his entitlement to an earlier or immediate release, his sole federal remedy is a writ of habeas corpus which plaintiff would seek under 28 U.S.C. § 2254. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Also, to the extent plaintiff seeks damages, plaintiff is informed he cannot proceed on a §1983 claim for damages if the claim implies the invalidity of his conviction or sentence. Heck v. Humphrey, 512 U.S. 477, 487 (1994); see also Foster v. Kassulke, 898 F.2d 1144, 1148 (6th Cir. 1990) (emphasizing that § 1983 should not be "used to make an end run around habeas corpus procedures"). The rule in Heck applies to suits that would necessarily imply the invalidity of a disciplinary hearing that results in a prisoner's sentence being extended due to the loss of good time credits. Edwards v. Balisok, 520 U.S. 641, 648 (1997). The Heck rule applies to bar suits that both challenge the erroneous results in disciplinary hearings, and also to bar suits that challenge the procedures used in prison disciplinary hearings. Id. at 646.

Prisoners do have a right under the First Amendment to file grievances complaining about prison officials' misconduct. Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005). However, that does not require any specific grievance procedure to be adopted by prison officials. See

Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003).

**IV.    Analysis**

The court has reviewed plaintiff's first amended complaint and finds that it fails to state a claim upon which relief can be granted under federal law. Therefore, plaintiff's complaint must be dismissed. Plaintiff's complaint challenges the constitutionality of the disciplinary hearing that resulted in his incarceration being extended by the loss of 150 days worth of credit. A judgment in favor of plaintiff on these claims would necessarily imply the invalidity of the disciplinary hearing and loss of credits. Plaintiff has neither alleged nor demonstrated that the disciplinary hearing and rules violation was invalidated on appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Thus, plaintiff's section 1983 claims based on the disciplinary hearing must be dismissed until plaintiff can make such a demonstration.

Plaintiff has also failed to state a cognizable First Amendment claim concerning the processing of his inmate grievances. Simply put, there is no constitutional requirement that prisoner grievances be processed in any particular way. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988)). Even assuming that plaintiff had legitimate grievances that were erroneously denied or ignored, the First Amendment does not guarantee any particular form of redress for those grievances. Therefore, plaintiff fails to state any cognizable claims against defendants for violating his First Amendment rights.

**I.    Leave to Amend**

Once the court finds that a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it

is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

In this case, the undersigned recommends dismissing the complaint without leave to amend. Here, amendment would be futile because the deficiencies identified above are not curable in a manner that would lead to any cognizable claim for relief. Plaintiff's claims are either Heck barred or are not supported by any federal constitutional requirement. For all these reasons, the undersigned recommends that this action be dismissed without leave to amend. Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").

## II.     Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

It is recommended that your complaint be dismissed because it fails to state any cognizable claim for relief. Allowing you to amend the complaint would be futile because it would not fix the issues with the complaint. As a result, it is recommended that you not be granted leave to amend your complaint and that this civil action be closed. If you disagree with this recommendation, you have 14 days to explain why it is not the correct result. Label your explanation as "Objections to the Magistrate Judge's Findings and Recommendations."

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's motion for leave to amend the complaint (ECF No. 10) is denied as unnecessary. The court has proceeded to screen plaintiff's first amended complaint.

4. The Clerk of Court shall randomly assign this matter to a district court judge.

IT IS FURTHER RECOMMENDED that plaintiff's first amended complaint be dismissed without leave to amend and this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 26, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/brow0697.screeningF&R.docx